UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

                    Plaintiff,

v.                                      Case No. 3:07-cv-976-J-33MCR

DEPARTMENT OF CORRECTIONS,
et al.,

                    Defendants.
_____

### ORDER TO AMEND

Plaintiff Corey L. Milledge, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint form (hereinafter Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983.  For the reasons stated in this Order, Plaintiff will be required to file an amended complaint utilizing the enclosed civil rights complaint form and following the instructions contained within the form.

Plaintiff should review the claims to insure compliance with the requirements of 42 U.S.C. § 1983 and should allege facts showing how the named defendant violated his federal constitutional rights.  For liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation.  Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Commission, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights.  Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint in the section entitled "Statement of Facts," Plaintiff should clearly describe how each named Defendant is involved in the alleged constitutional violation(s).[1]  Plaintiff must provide support in the statement of facts for the claimed violations.  Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

In amending, Plaintiff must write Defendants' full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form.  Finally, if Plaintiff's complaint includes, as Defendants, individuals who hold supervisory positions and/or who are not directly involved in the day to day operations of the Florida Department of Corrections or the penal facility, Plaintiff

---

[1] The Florida Department of Corrections is a state agency; therefore, it is clear that suit against the Department is barred by the Eleventh Amendment.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984) (citations omitted).

- 2 -

should be aware that *respondeat superior* has clearly been rejected as a theory of recovery under section 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir. 1990). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

In accordance with the instructions to the civil rights complaint form, Plaintiff is required to submit a copy of the amended civil rights complaint and all exhibits for each Defendant for service of process. Therefore, Plaintiff must ensure that he submits a sufficient number of copies of the amended complaint and the exhibits for service of process upon the Defendants.

As the civil rights complaint specifically sets forth, exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for

effectively determining how the Department of Corrections has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.  Plaintiff must complete the grievance process with regard to all of the issues raised in the amended complaint.  However, as previously stated, Plaintiff should only set forth related claims, and each claim must have been addressed in the Department's grievance process.

In reviewing the Complaint submitted by Plaintiff, it appears that Plaintiff has named Officer White merely because she opened the cell door for Defendants Fontenot and Daniels, as she was ordered to do.  Plaintiff has failed to state a claim against Defendant White.  Therefore, unless her involvement was more extensive, Plaintiff should not name her as a Defendant in this case.  Additionally, Plaintiff has named Defendant McDonough as a Defendant in this case merely because he is in the custody of the Florida Department of Corrections.  Plaintiff has failed to allege any further involvement by Defendant McDonough.  Therefore, Plaintiff should amend his complaint to include only those Defendants who violated his federal constitutional rights.

Further, Plaintiff states that he suffered a busted lip, a split chin, jaw injury, back injury, shoulder injury, neck injury and is now suffering from flashbacks.  In amending, Plaintiff

should include the diagram of injury and/or his medical reports that reflect such injury. Plaintiff's exhibits also refer to an investigation conducted by the Inspector General's Office immediately after the alleged incident. Plaintiff should also submit a copy of the Inspector General's Report, outlining the office's findings with respect to the alleged assault.

Finally, the exhibits submitted with Plaintiff's Complaint reflect that Defendants Wilton Joseph Fontenot and Daniels are no longer employed by the Florida Department of Corrections. See Complaint, attached exhibit, Inmate Request, dated December 2, 2003, Response, dated December 9, 2003 (stating Sergeant Fontenot and Officer Daniels are no longer employed by the Department). Although the incident allegedly occurred at Union Correctional Institution, Plaintiff has listed the Florida Department of Corrections, Blair Stone Road, Tallahassee, Florida, as the address for service of process. However, since they are not employed by the Florida Department of Corrections, Plaintiff should provide addresses at which they can be served with the amended complaint. Plaintiff has stated that he plans to hire an attorney. Therefore, he may wish to hire the attorney who can file the amended complaint as well as obtain the addresses for service of process upon Defendants Sergeant Fontenot and Officer Daniels.

Therefore, it is now

**ORDERED**:

1.   Plaintiff, **on or before November 5, 2007,** shall file an amended complaint on the enclosed civil rights complaint form. Plaintiff must also submit a copy of the amended complaint for service of process upon each defendant.   Failure to do so will result in the dismissal of this action without further notice.

2.   The Clerk of the Court shall provide a civil rights complaint form to Plaintiff for his use in amending.

3.   If Plaintiff decides that he no longer wishes to pursue this case, he shall notify the Court by filing a motion to voluntarily dismiss this case without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of October, 2007.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

sc 10/15
c:
Corey L. Milledge