UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. MILLEDGE,

                Plaintiff,

v.                                Case No. 3:07-cv-976-J-33MCR

JAMES R. MCDONOUGH, etc.;
et al.,

                Defendants.

_____

### ORDER TO AMEND

Plaintiff Corey L. Milledge, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint form (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff filed an Amended Complaint (Doc. #9) on November 2, 2007; however, Plaintiff has included conflicting page numbers (9(a) through 9(i) as well as 12-20). Further, Plaintiff has not made sufficient allegations against Defendants McDonough and Decker. Thus, for the reasons stated in this Order, Plaintiff will be required to file a second amended

complaint, utilizing the enclosed civil rights complaint form and following the instructions contained within the form.

In amending, Plaintiff must provide the full names of the Defendants for service of process. Further, Plaintiff should be aware that *respondeat superior* has clearly been rejected as a theory of recovery under section 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir. 1990). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation. Plaintiff has not shown how Defendants McDonough and Decker have violated his federal constitutional rights, but rather has merely alleged violations of state law. Therefore, Plaintiff should amend his complaint to include only those Defendants who violated his federal constitutional rights.

In accordance with the instructions to the civil rights complaint form, Plaintiff is required to submit a copy of the amended civil rights complaint and all exhibits for each Defendant

- 2 -

for service of process.   Therefore, Plaintiff must ensure that he submits a sufficient number of copies of the amended complaint and the exhibits for service of process upon the Defendants.

Further, Plaintiff states that he suffered a lacerated lip, a swollen and lacerated chin, swollen jaw and bloody mouth, back injury, shoulder injury and neck injury.   In amending, Plaintiff should include the diagram of injury and/or his medical reports that reflect such injury.   Plaintiff's exhibits also refer to an investigation conducted by the Inspector General's Office immediately after the alleged incident.   Plaintiff should also submit a copy of the Inspector General's Report, outlining the office's findings with respect to the alleged assault.

Finally, the exhibits submitted with Plaintiff's Complaint reflect that Defendants Wilton Joseph Fontenot and Daniels are no longer employed by the Florida Department of Corrections.   See Amended Complaint, attached exhibit, Inmate Request, dated December 2, 2003, Response, dated December 9, 2003.   Since they are not employed by the Florida Department of Corrections, Plaintiff should provide addresses at which they can be served with the Second Amended Complaint or note on the complaint form that he is unable to obtain such addresses.   Finally, Plaintiff must provide the full name of Officer Daniels for service of process.

Therefore, it is now

**ORDERED**:

1.   Plaintiff's Motion (Doc. #5), in which he requests that all documents be forwarded to his new penal institution, is **DENIED.** Plaintiff may utilize the prison's grievance procedure to seek such relief.

2.   Plaintiff's Motion (Doc. #6), in which he requests additional time to file an amended complaint and to submit service copies, is **GRANTED** to the extent provided in this Order.

3.   Plaintiff's Motion for Appointment of Counsel (Doc. #13) is **DENIED** at this time since Plaintiff has shown an ability to proceed on his own at this stage of the litigation.

4.   Plaintiff's Motion Seeking Information (Doc. #14) is **GRANTED** to the extent provided in this Order.

5.   Plaintiff, **on or before January 15, 2008,** shall file a Second Amended Complaint on the enclosed civil rights complaint form.   Plaintiff must also submit a copy of the Second Amended Complaint for service of process upon each defendant.   Failure to do so will result in the dismissal of this action without further notice.

6.   The Clerk of the Court shall provide a civil rights complaint form to Plaintiff for his use in amending.

- 4 -

7.   If Plaintiff decides that he no longer wishes to pursue this case, he shall notify the Court by filing a motion to voluntarily dismiss this case.

8.   Plaintiff shall notify this Court of his attempts to find counsel to represent him in this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of November, 2007.


_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


sc 11/27
c:
Corey L. Milledge

- 5 -